IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 08-cv-00230-WDM-CBS

MERCEDES MCKAIG,

      Plaintiff,

v.

DILLON COMPANIES d/b/a KING SOOPERS,

      Defendant.

---

## ORDER OF REMAND

---

Miller, J.

      This case is before me on the Notice of Removal filed by Defendant Dillon

Companies.  Defendant removed this case to this Court on February 1, 2008 on the

basis of diversity jurisdiction.  28 U.S.C. § 1332.  In its Notice, Defendant asserts that

there is complete diversity of citizenship between the parties.  Moreover, although

Plaintiff's complaint does not allege a specified amount of damages, Defendant alleges

that the amount in controversy exceeds $75,000.  However, because no facts or

evidence are provided that would support this assertion, I cannot find that the

requirements of diversity jurisdiction are met.

      In a removed case, a defendant's claim that the amount in controversy meets the

jurisdictional requirement of section 1332 does not enjoy a presumption of accuracy.

*Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001).  The amount in

controversy is determined by the allegations of the complaint or, if the complaint is not

dispositive, by the allegations in the notice of removal. *Id.* at 1290. When the plaintiff's damages are unspecified, as they are here, the defendant must establish the jurisdictional amount by a preponderance of the evidence—the requisite amount in controversy "must be *affirmatively established* on the face of either the petition or the removal notice." *Id.* (citations omitted) (emphasis in original). There is a presumption against removal jurisdiction and, therefore, all doubts are resolved in favor of remand. *See, e.g., id.* at 1289; *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

This cases arises out of physical injuries Plaintiff suffered after she tripped and fell on Defendant's property on a raised surface of the paved sidewalk. Plaintiff seeks a variety of damages including, *inter alia*, those relating to medical expenses, pain and suffering, loss of enjoyment of life, and attorney's fees. The face of the complaint does not affirmatively establish the amount in controversy. To establish the amount in controversy, Defendant appears to rely on the generic listing of Plaintiff's damages categories and Plaintiff's District Court Civil (CV) Case Cover Sheet for Initial Pleading of Complaint, Counterclaim, Cross-Claim or Third Party Complaint, filed pursuant to the Colorado Rules of Civil Procedure in the original state court action. This is a form accompanying initial pleadings that requires a party to check boxes indicating whether "Simplified Procedure" under C.R.C.P. 16.1 applies. Here, Plaintiff checked boxes indicating that "Simplified Procedure under C.R.C.P. 16.1, does not apply to this case because . . . [t]his party is seeking a monetary judgment for more than $100,000.00 against another party, including any attorney fees, penalties or punitive damages." I

join my colleague, Judge Kane, in declining to construe the checking of a box on a cover sheet form to be adequate to establish the amount in controversy under the applicable standards in this jurisdiction. *Harding v. Sentinel Ins. Co., Ltd.*, 490 F.Supp.2d 1134, 1135 (D. Colo. 2007) ("I decline to construe the checking of a box on a civil cover sheet as a factual representation or admission for removal purposes that the actual amount in controversy in a case is 'in excess' of $75,000."). Moreover, since there are no facts indicating benchmark amounts from which I could infer such elements as actual medical costs, degree of impairment, or other relevant information, I cannot determine without speculating whether these categories of damages would be sufficient to meet the jurisdictional requirement. Since no other facts or evidence are included in the Notice of Removal sufficient for me to find by a preponderance of the evidence that the requirements of section 1332 are met, remand is appropriate.

Accordingly, it is ordered that this case shall be remanded to the District Court, Adams County, Colorado.


DATED at Denver, Colorado, on February 20, 2008.

BY THE COURT:


s/ Walker D. Miller
United States District Judge